Charles W. Coe
LAW OFFICE OF CHARLES W. COE
810 W 2nd Avenue
Anchorage, Alaska 99501
Ph: (907) 276-6173
Fax: (907) 279-1884
charlielaw@gci.net

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JESSE KERN, | ) |
| | ) Case No. 3:11-cv-_____(___) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| INFINITY AUTO INSURANCE | ) |
| COMPANY, LEADER INSURANCE | ) |
| COMPANY, INFINITY PROPERTY | ) |
| and CASUALTY CORPORATION, and | ) |
| INFINITY INSURANCE COMPANIES, | ) |
| | ) **COMPLAINT** |
| Defendants. | ) |
| _____ | ) |

COMES NOW, the plaintiff, JESSE KERN, by and through his attorney

CHARLES W. COE, and for his complaint against defendants INFINITY AUTO

Kern v. Infinity et. al.
Case No. 3:11-cv-_____
Complaint
Page 1 of 15

Case 3:11-cv-00082-RRB   Document 1   Filed 04/18/11   Page 1 of 15

INSURANCE COMPANY, LEADER INSURANCE COMPANY, INFINITY PROPERTY and CASUALTY CORPORATION, and INFINITY INSURANCE COMPANIES does state and allege as follows:

1. Plaintiff is a resident of Alaska residing in Anchorage.

2. At all times material hereto, defendant insurance carriers, which are essentially one company, were out of state corporations licensed by the State of Alaska and doing business in the State of Alaska and subject to the jurisdiction of this Court.

3. There is diversity between the parties and the amount in controversy, when all damages alleged in this case are considered, is within the jurisdictional requirements of this court. This court has proper jurisdiction to hear this matter pursuant to 28 USC § 1332, since there is diversity of citizenship of the parties and since the damages were all damages requested or considered

4. Defendants are liable for the actions and/or failures to act of their employees under theories of respondeat superior, negligence and/or agency and/or vicarious liability. Infinity Auto Insurance Company, Leader Insurance Company, Infinity Property and Casualty Corporation, and Infinity Insurance Companies and their employees are herein after referred to as ("Infinity").

Kern v. Infinity et. al.
Case No. 3:11-cv-_____
Complaint
Page 2 of 15

Case 3:11-cv-00082-RRB   Document 1   Filed 04/18/11   Page 2 of 15

Leader Insurance Company is the underwriter for the insurance policy subject of this complaint, which was issued by Infinity Property and Casualty Corporation and Infinity Insurance Companies. This claim was being adjusted by Infinity Insurance Companies.

5. On or about November 23, 2005, the plaintiff was injured in an auto collision as a pedestrian on his way to his vehicle parked at the Sears Mall. He was insured by Infinity for underinsured motorist (UM) coverage. The policy, numbered 154-53984-2723-001, was in the name of Debra Kern with the plaintiff, her son, as a named insured under this policy.

6. The collision on November 23, 2005, was caused by the negligence of Francine Pounce.

7. The collision caused injuries to plaintiff including but not limited to injuries to his elbow and body.

8. Francine Pounce was uninsured at the time of this accident but operating an underinsured vehicle at the time of this collision. This vehicle she drove was insured by GEICO.

9. Medical bills and records were submitted to Infinity by plaintiff's counsel to Infinity's representative/adjuster and a demand for the limits of his

Kern v. Infinity et. al.
Case No. 3:11-cv-_____
Complaint
Page 3 of 15

Case 3:11-cv-00082-RRB   Document 1   Filed 04/18/11   Page 3 of 15

coverage with Infinity was made after Infinity permitted plaintiff to accept the limits of the GEICO policy.

10. Infinity has yet to pay plaintiff under the plaintiff's underinsured auto policy with Infinity.

11. Plaintiff's collision and the liability of the uninsured/underinsured tortfeasor for plaintiff's injuries and damages are undisputed as to whether he was injured and whether he incurred damages.

12. Infinity's adjusters determined that Francine Pounce was at fault for one hundred percent for plaintiff's damages and that he was eligible for underinsured and/or uninsured motorist coverage.

13. Infinity determined that plaintiff was not at fault in the collision and gave plaintiff written permission to accept the full limits of the coverage with GEICO.

14. Plaintiff, through counsel, made numerous demands for the limits of plaintiff's policy due to the severity and permanency of his injuries.

15. Francine Pounce is an uninsured/underinsured motorist under the terms of Infinity's insurance policy covering plaintiff in the collision on November 23, 2005.

Kern v. Infinity et. al.
Case No. 3:11-cv-_____
Complaint
Page 4 of 15

Case 3:11-cv-00082-RRB   Document 1   Filed 04/18/11   Page 4 of 15

16. Infinity completed its adjustment of plaintiff's claim pursuant to 3 AAC 26.050 but failed to pay the undisputed damages in this claim, even though reserves were established by him to pay this claim.

17. The auto collision caused plaintiff to suffer injuries to his elbow, hand, arm, and body.

18. The underinsured motorist, Francine Pounce, caused plaintiff to incur medical expenses, wage loss, impairment, disability, pain/suffering and loss of enjoyment of life.

19. Francine Pounce was liable for negligence and/or negligence per se for violation of among other things:

> AS 11.41.220 (a) (1)(B);
>
> AMC 9.16.140 A;
>
> Leaving the scene of an injury accident; and
>
> Failure to have a license

20. The violation of the above provisions is evidence of negligence if not gross negligence and/or reckless conduct.

21. Francine Pounce was liable for past and/or future: medical expenses, wage loss, diminished earning capacity, impairment, loss of employment benefits,

Kern v. Infinity et. al.
Case No. 3:11-cv-_____
Complaint
Page 5 of 15

Case 3:11-cv-00082-RRB    Document 1    Filed 04/18/11    Page 5 of 15

pain, suffering, disability, loss of capacity for enjoyment of life, inconvenience, physical impairment, and other non-pecuniary damages in an amount greater than $100,000 (One Hundred Thousand Dollars).

22.     Under the terms of its policy, Infinity contractually obligated itself to pay ". . . damages not exceeding the limits shown on the Declarations Page, which an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury caused by an accident and sustained by such insured person".

23.     Infinity is liable to plaintiff for past and/or future: medical expense, wage loss, diminished earning capacity, disfigurement, loss of employment benefits, pain, suffering, disability, loss of capacity for enjoyment of life, inconvenience, physical impairment, and other non-pecuniary damages in an amount within the jurisdiction of this court.

24.     As of this date, Infinity has paid plaintiff nothing pursuant to his underinsured motorist claim, including the undisputed damages owed for which they set reserves to pay.

Kern v. Infinity et. al.
Case No. 3:11-cv-_____
Complaint
Page 6 of 15

Case 3:11-cv-00082-RRB   Document 1   Filed 04/18/11   Page 6 of 15

25. An underinsured motorist claim is a first-party insurance claim and the plaintiff is a first party insured with Infinity for this claim under their contract of insurance.

26. Infinity must treat its first-party insureds with the same regard as it treats its own interests when it comes to adjustment of the plaintiff's claim.

27. Instead of paying the plaintiff's damages which Infinity determined that its insured suffered in an auto collision caused by the underinsured driver, Infinity held the money and refused to even pay the undisputed sums owed on this claim.

28. Infinity has an improper motive for holding the money owed in this claim instead of paying the amount it determines is owed to its first-party insured.

29. The underinsured motorist coverage section of Infinity's policy that applies to this collision provides as follows:

> ARBITRATION If we and an insured person do not agree whether that insured person is legally entitled to recover damages, or if either party disagrees as to the amount of damages that are recoverable by the insured under Part B-Medical Payments Coverage or Part C-Uninsured/Underinsured Motorists Coverage then the matter may be arbitrated.

Kern v. Infinity et. al.
Case No. 3:11-cv-_____
Complaint
Page 7 of 15

Case 3:11-cv-00082-RRB   Document 1   Filed 04/18/11   Page 7 of 15

> Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third arbitrator. If they cannot agree on a third arbitrator within 30 days, either may appear in a court of jurisdiction to request that the judge appoint a third arbitrator.
>
> Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally. Unless both parties agree otherwise, the arbitration is to take place in the county in which the insured resides. Either party may dispute the arbitration award by demanding the right to trial. A demand for trial must be made within 60 days of the decision by the board of arbitrators. If the demand for trial is not made within the time period, the amount of damages agreed to by the arbitrators would be binding, subject to the limits shown on the Declarations Page. The arbitrators shall have no authority to determine coverage under the policy.

30. On June 25, 2010, Infinity's adjuster suggested that Infinity pay a portion of the policy to plaintiff for his underinsured motorist claim but subsequently refused to tender this undisputed sum and remaining limits of plaintiff's coverage.

31. Alternatively Infinity's adjuster failed to determine the amount of damages that plaintiff was entitled to recover from the underinsured driver in the auto collision of November 23, 2005, and pay these damages to the plaintiff.

32. On July 12, 2010, plaintiff, through his attorney, requested defendant arbitrate the difference between the undisputed amount of the

Kern v. Infinity et. al.
Case No. 3:11-cv-_____
Complaint
Page 8 of 15

Case 3:11-cv-00082-RRB   Document 1   Filed 04/18/11   Page 8 of 15

underinsured motorist claim and the greater amount of damages caused to the plaintiff by the underinsured motorist that would be payable under the terms and limitations of the Infinity policy.

33. Infinity's representatives indicated that Infinity was not willing arbitrate this matter under the specific provisions and terms set out in their policy nor a willingness to pay the full value of the policy.

34. In this case Infinity's adjusters followed a policy of declining to arbitrate Alaska underinsured motorist claims under the terms and provisions of their policy when requested to arbitrate by insureds or their attorneys.

35. Infinity's policy does not describe how to resolve a dispute of the damages caused by an underinsured motorist in the absence of arbitration which both their insured and Infinity must agree to.  Plaintiff, as an insured, was not notified this when the policy was purchased.

36. Plaintiff maintains that arbitration is a less expensive way for insureds to resolve underinsured motorist disputes than litigation and arbitration is quicker than litigation to resolve this dispute under this policy.

Kern v. Infinity et. al.
Case No. 3:11-cv-_____
Complaint
Page 9 of 15

37. In this case Infinity had an improper motive for declining to arbitrate. Infinity considers the ability of Infinity to seek attorney fees and costs against its own insureds in litigation as a factor in declining to arbitrate claims of their insureds, such as the plaintiff.

38. Infinity has had bad motives for choosing to litigate instead of arbitrate first-party claims under the specific terms of their policy, including deterring plaintiff with confusion on how to proceed in the absence of arbitration described in the policy and/or causing plaintiff to incur litigation expenses and/or unreasonably putting Infinity's financial interests ahead of its first-party insured's interests for its own financial gain by considering which forum will award less money to plaintiff in its decision making process as well as exposing plaintiff to Infinity's attorney fees and costs, if the case goes to trial.

39. The cost of litigating an injury through jury trial in the Anchorage Superior Court or US District Court can exceed the value of the policy for each party, when expert fees, attorney fees, and costs are considered.

40. Infinity knew or should have known of this expense and the difficulty it causes its insureds such as the plaintiff in asking to be properly compensated.

Kern v. Infinity et. al.
Case No. 3:11-cv-_____
Complaint
Page 10 of 15

Case 3:11-cv-00082-RRB   Document 1   Filed 04/18/11   Page 10 of 15

41. Infinity knows or should know most of their policy holders, including the plaintiff, do not have the financial resources to litigate a case against an insurance company through jury trial in order to resolve their insurance claim disputes and be fully compensated under their policy.

42. In selling and marketing this policy, Infinity breached the covenant of good faith and fair dealing by failing to inform its insureds, including the plaintiff and Debra Kern, that the insured will have to sue its own carrier whom it contracted with in buying this insurance policy.

43. Infinity makes money by investing premiums paid by customers while paying claims over time or by denying the payment of claims that are owed such as the plaintiff's claim.

44. Infinity refused to pay plaintiff's claim without a reasonable investigation of all the available information made available in violation of AS 21.36.125 (a)(4).

45. Infinity failed to attempt in good faith to make prompt and equitable settlement of plaintiff's claim in which liability is reasonably clear in violation of AS 21.36.125(a)(6).

Kern v. Infinity et. al.
Case No. 3:11-cv-_____
Complaint
Page 11 of 15

Case 3:11-cv-00082-RRB   Document 1   Filed 04/18/11   Page 11 of 15

46. Infinity engaged in a pattern or practice of compelling insureds, including the plaintiff, to litigate in this case for recovery of amounts due under the insurance policy by offering substantially less than the amounts owed in violation of AS 21.36.125(a)(7).

47. In the plaintiff's claim, Infinity is compelling the plaintiff in this case in which liability and damages are clear to litigate for recovery of an amount due under his insurance policy, refusing to settle and/or by offering an amount that does not have an objectively reasonable basis in law or fact and which has not been documented in the insurer's file in violation of AS 21.36.125(a)(8).

48. Infinity failed to pay those portions of the plaintiff's claim not in dispute within 30 working days after the receipt of a properly executable statement of claim, proof of loss, or other acceptable evidence of loss in violation of 3 AAC 26.070(a)(2).

49. Infinity's conduct is governed by AS 21.36.125(a) and 3 AAC Chapter 26. Infinity knew or should have known of the rules set forth in AS 21.36.125(a) and 3 AAC Chapter 26, since it sold this policy within the state of Alaska pursuant to the laws of the state of Alaska.

Kern v. Infinity et. al.
Case No. 3:11-cv-_____
Complaint
Page 12 of 15

Case 3:11-cv-00082-RRB   Document 1   Filed 04/18/11   Page 12 of 15

50. Violation of AS 21.36.125(a) by Infinity, as to plaintiff's claim, is a breach of the covenant of good faith and fair dealing, negligence, and a breach of contract with the plaintiff.

51. Also, violation of AS 21.36.125(a) by Infinity is also an evidence breach of the covenant of good faith and fair dealing, negligence, and breach of contract with the plaintiff in this case.

52. Violation of 3 AAC Chapter 26 by Infinity is breach of the covenant of good faith and fair dealing, negligence, and a breach of contract and is also evidence of breach of the covenant of good faith and fair dealing, negligence, and a breach of contract with the plaintiff.

53. The violations of the Alaska Administrative Code listed in this complaint are unfair claim settlement practices in violation of AS 21.36.125 as well as under 3 AAC 26.010(a) and (b), which Infinity has committed in handling plaintiff's claim.

54. Infinity unreasonably adjusted plaintiff's underinsured motorist claim and has refused to pay this claim.

Kern v. Infinity et. al.
Case No. 3:11-cv-_____
Complaint
Page 13 of 15

Case 3:11-cv-00082-RRB   Document 1   Filed 04/18/11   Page 13 of 15

55. Infinity required their insureds, including and the plaintiff, to file lawsuits against Infinity to resolve first-party insurance claims which is an unreasonable and unconscionable practice.

56. Infinity failed to advise their insureds, including the plaintiff, of the expenses involved in litigating and the exposure for Infinity's attorney fees in litigation which is an unreasonable and unconscionable practice.

57. Infinity is liable for compensatory and punitive damages for breach of its contract, negligence, and payment of all sums owed under its policy with the plaintiff. These damages would exceed the requirements of 28 U.S.C. § 1332.

58. Infinity is liable to the plaintiff for compensatory damages, including attorney fees, costs, interest, and punitive damages for breach of the covenant of good faith and fair dealing in an amount within the jurisdiction of this court to be set by the trier of fact.

59. Infinity is liable for punitive or exemplary damages for reckless disregard, and/or willful disregard, and/or wanton disregard for plaintiff's interests and for outrageous conduct, reckless indifference and conscious action and deliberate disregard for plaintiff's interests in an amount to be set by the trier of fact.

Kern v. Infinity et. al.
Case No. 3:11-cv-_____
Complaint
Page 14 of 15

Case 3:11-cv-00082-RRB   Document 1   Filed 04/18/11   Page 14 of 15

WHEREFORE, having fully pled plaintiff's complaint, plaintiff requests a judgment against defendant, Infinity, for an amount within the jurisdiction of this court to be established by the trier of fact, plus interest, costs and attorney fees and such relief as the court deems just and equitable.

DATED this 15th day of April, 2011

By: /s/ Charles W. Coe
Attorney for Plaintiff
810 W 2nd Avenue
Anchorage, Alaska 99501
Phone: (907) 276-6173
charlielaw@gci.net
ABA#7804002

Kern v. Infinity et. al.
Case No. 3:11-cv-_____
Complaint
Page 15 of 15

Case 3:11-cv-00082-RRB   Document 1   Filed 04/18/11   Page 15 of 15